# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ALTHEA PETERS,** | |
| Plaintiff, | |
| VS. | **CIVIL ACTION NO.:** |
| **JASON HOGENCAMP, BRENNTAG MID-SOUTH, INC., AND ACE AMERICAN INSURANCE COMPANY** | _____ |
| Defendant(s). | |

## COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, Althea Peters, by and through undersigned counsel of record, and files this Complaint for Damages and respectfully shows:

## VENUE AND JURISDICTION

1.

Althea Peters is a citizen and resident of the State of Wisconsin.

2.

Jason Hogencamp is a citizen and resident of the State of Texas.

3.

Brenntag Mid-South, Inc.'s principal place of business is in the State of Kentucky.

4.

Ace American Insurance Company's principal place of business is in the State of Pennsylvania.

5.

The incident which forms the basis of the Complaint occurred in Fulton County, Georgia.

6.

There is complete diversity among the parties.

7.

The amount in controversy exceeds $75,000.00.

8.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

9.

This venue is proper pursuant to 28 U.S.C. § 1391 (b)(2).

## **GENERAL FACTS COMMON TO ALL COUNTS**

10.

Althea Peters hereby incorporates all previous paragraphs of this Complaint for Damages.

11.

On or about August 14, 2020, at approximately 8:00 am, on Womack Avenue at or near Main Street, in East Point, Georgia (Fulton County), Jason Hogencamp was operating a vehicle; specifically, a 2014 Freightliner Conventional Classic 120.

12.

At all times relevant to this Complaint for Damages, the 2014 Freightliner Conventional Classic 120 operated by Jason Hogencamp was and is owned by Brenntag Mid-South, Inc.

13.

At all times relevant to this Complaint for Damages, the 2014 Freightliner Conventional Classic 120. operated by Jason Hogencamp was and is insured by ACE American Insurance Company.

14.

At the same time and location pled in this Complaint for Damages, Althea Peters was traveling in a vehicle.

15.

At all times relevant to this Complaint for Damages, Althea Peters' vehicle was being operated reasonably and prudently.

16.

At the same time and location pled in this Complaint for Damages, Defendant Jason Hogencamp:

    a.    failed to obey a traffic control device, in violation of O.C.G.A. § 40-6-20;
    b.    failed to maintain lane, in violation of O.C.G.A. § 40-6-48;
    c.    followed more closely than is reasonable or prudent, in violation of O.C.G.A. § 40-6-49;
    d.    failed to yield the right of way to the Plaintiff, in violation of O.C.G.A. § 40-6-71;
    e.    failed to make a proper stop, in violation of O.C.G.A. § 40-6-72;
    f.    failed to properly signal Defendant's maneuver, in violation of O.C.G.A. § 40-6-124;
    g.    operated a vehicle with a reckless disregard for the safety of persons or property, in violation of O.C.G.A. § 40-6-390;
    h.    failed to obey the Uniform Rules of the Road of the State of Georgia; or,
    i.    operated Defendant's vehicle in a fashion that was not reasonable or prudent under the circumstances.

17.

The conditions pled in this Complaint for Damages actually and proximately caused a collision wherein the vehicle being operated by Jason Hogencamp unlawfully struck the vehicle in which Althea Peters was traveling.

18.

As a proximate and foreseeable result of the collision, Althea Peters suffered serious injuries.

19.

As a proximate and foreseeable result of these injuries, Althea Peters has incurred medical expenses in excess of $168,897.34 and lost wages in excess of $1.00.

20.

As a proximate and foreseeable result of the collision, Althea Peters, in addition to the damages pled in this Complaint for Damages, has and will endure pain and suffering.

### **COUNT I: NEGLIGENCE AS TO JASON HOGENCAMP**

21.

Althea Peters hereby incorporates all previous paragraphs of this Complaint for Damages.

22.

Jason Hogencamp has and had a duty to operate Defendant's vehicle in a reasonable and prudent fashion.

23.

Jason Hogencamp breached the aforementioned duty on or about August 14, 2020 by operating a vehicle in the fashion pled in this Complaint for Damages.

24.

Jason Hogencamp's breach of duty actually and proximately caused the injuries pled by plaintiff in this Complaint for Damages.

25.

As a reasonable and foreseeable result of Jason Hogencamp's breach of duty, Althea Peters has incurred damages as pled in this Complaint for Damages.

26.

Althea Peters has a cause of action against Jason Hogencamp for negligence.

27.

Althea Peters is entitled to recover from Jason Hogencamp for damages as pled in this Complaint for Damages.

# COUNT II: NEGLIGENT HIRING AND RETENTION OF AN UNSAFE EMPLOYEE AS TO BRENNTAG MID-SOUTH, INC.

28.

Althea Peters hereby incorporates all previous paragraphs of this Complaint for Damages.

29.

Brenntag Mid-South, Inc. is required under Federal and State law to investigate into the knowledge, experience, and past safety record of all of its employees who operate motor vehicles as employees and/or agents of Brenntag Mid-South, Inc.

30.

Brenntag Mid-South, Inc. failed to follow the Federal and State regulations regarding the hiring and retention of employee and/or agent Jason Hogencamp.

31.

Due to this failure, a collision occurred between Brenntag Mid-South, Inc.'s employee, Jason Hogencamp, and Althea Peters.

32.

As a proximate and foreseeable result of the Defendant Brenntag Mid-South, Inc.'s breach of duty, Althea Peters sustained injuries as pled in this Complaint for Damages.

33.

As a proximate and foreseeable result of Althea Peters' injuries, Althea Peters has incurred damages as pled in this Complaint for Damages.

34.

Althea Peters has a cause of action against Brenntag Mid-South, Inc. for negligent hiring and retention of an unsafe employee.

35.

Althea Peters is entitled to recover from Brenntag Mid-South, Inc. for damages as pled in this Complaint for Damages.

## **COUNT III: NEGLIGENT ENTRUSTMENT AS TO BRENNTAG MID-SOUTH, INC.**

36.

Althea Peters hereby incorporates all previous paragraphs of this Complaint for Damages.

37.

Brenntag Mid-South, Inc., on or before August 14, 2020, had actual knowledge that Jason Hogencamp lacked the ability to safely operate a 2014 Freightliner Conventional Classic 120.

38.

As a result of the aforementioned knowledge, Brenntag Mid-South, Inc. had a duty not to entrust a 2014 Freightliner Conventional Classic 120 to Jason Hogencamp.

39.

On or before August 14, 2020, Brenntag Mid-South, Inc. breached the aforementioned duty by entrusting a 2014 Freightliner Conventional Classic 120 to Jason Hogencamp.

40.

As a proximate and foreseeable result of the Brenntag Mid-South, Inc.'s breach of duty, Althea Peters sustained injuries as pled in this Complaint for Damages.

41.

As a proximate and foreseeable result of Althea Peters' injuries, Althea Peters has incurred damages as pled in this Complaint for Damages.

42.

Althea Peters has a cause of action against Brenntag Mid-South, Inc. for negligent entrustment.

43.

Althea Peters is entitled to recover from Brenntag Mid-South, Inc. for damages as pled in this Complaint for Damages, including punitive damages.

## COUNT IV: NEGLIGENT MAINTENANCE AS TO BRENNTAG MID-SOUTH, INC.

44.

Althea Peters hereby incorporates all previous paragraphs of this Complaint.

45.

Brenntag Mid-South, Inc., at all times relevant to this Complaint for Damages, had and has a duty to keep its 2014 Freightliner Conventional Classic 120 in good working order and good repair.

46.

On or before August 14, 2020, Brenntag Mid-South, Inc. breached the aforementioned duty by failing to perform regular maintenance inspections as required under State and Federal law.

47.

As a proximate and foreseeable result of the Brenntag Mid-South, Inc.'s breach of duty, Althea Peters sustained injuries as pled in this Complaint for Damages.

48.

As a proximate and foreseeable result of Althea Peters' injuries, Althea Peters has incurred damages as pled in this Complaint for Damages.

49.

Althea Peters has a cause of action against Defendant Brenntag Mid-South, Inc. for negligence.

50.

Alethea Peters is entitled to recover from Brenntag Mid-South, Inc. for Damages as pled in this Complaint for Damages.

### COUNT V: REPONDEAT SUPERIOR AS TO BRENNTAG MID-SOUTH, INC.

51.

Alethea Peters hereby incorporates all previous paragraphs of this Complaint.

52.

Jason Hogencamp at all times relevant to this Complaint for Damages is or was the employee and/or agent of Brenntag Mid-South, Inc.

53.

At all times relevant to this Complaint, Jason Hogencamp was acting within the scope of his employment or agency relationship with Brenntag Mid-South, Inc.

54.

Brenntag Mid-South, Inc. is liable to Althea Peters for all damages sustained as a result of the negligence of Jason Hogencamp under a theory of respondeat superior.

55.

Althea Peters is entitled to recover from Defendant Brenntag Mid-South, Inc. for Damages as pled in this Complaint for Damages.

## COUNT VI: LIABILITY AS TO ACE AMERICAN INSURANCE COMPANY

56.

Althea Peters hereby incorporates all previous paragraphs of this Complaint for Damages.

57.

Brenntag Mid-South, Inc. is a common carrier under Federal Law and Georgia law.

58.

ACE American Insurance Company, is the insurance provider for Brenntag Mid-South, Inc.

59.

As the insurance provider for Brenntag Mid-South, Inc., ACE American Insurance Company is directly actionable by Althea Peters for the damages sustained in the incident which gives rise to this Complaint for Damages.

60.

Althea Peters is entitled to recover from Defendant ACE American Insurance Company, for the negligence of Brenntag Mid-South, Inc. and Jason Hogencamp.

61.

Althea Peters is entitled to recover from ACE American Insurance Company for damages as pled in this Complaint for Damages.

**WHEREFORE**, the Plaintiff prays that:

a. Summons be issued as to the Defendant(s);
b. that the Defendant(s) be called to answer this Complaint for Damages;
c. that a trial be held on all issues so triable;
d. that a Judgment be entered against the Defendant for all the Plaintiff's specific damages including past and future medical expenses and past and future lost wages, if applicable;
e. that said Judgment include an award of attorneys' fees and costs for the Defendant(s)' bad faith, stubborn litigiousness, and causing the Plaintiff unnecessary time and expense pursuant to O.C.G.A. § 13-6-11;
f. that said Judgment include a sum to compensate the Plaintiff for general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury; and,
g. such further relief as this Court determines is adequate and just.

Executed today, July 8, 2022.

**DOZIER LAW FIRM, LLC**

_____
David Thomas Dorer
Georgia Bar No. 934408
Attorney for Althea Peters

DOZIER LAW FIRM, LLC
487 Cherry Street
Post Office Box 13
Macon, Georgia, 31201-0013
(p): 478-742-8441
(f): 478-745-0997
(e): dorerlawteam@dozierlaw.com